NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0068n.06

Case No.14-5378

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 22, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,                )
                                         )
        Plaintiff-Appellee,              )
                                         )    ON APPEAL FROM THE UNITED
v.                                       )    STATES DISTRICT COURT FOR
                                         )    THE WESTERN DISTRICT OF
THOMAS DAVIS,                            )    TENNESSEE
                                         )
        Defendant-Appellant.             )
                                         )    OPINION
                                         )
                                         )

BEFORE: MERRITT, MOORE, DONALD, Circuit Judges.

   **BERNICE BOUIE DONALD, Circuit Judge**.  Defendant-Appellant Thomas Davis

appeals a 180-month sentence imposed for pleading guilty to being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g).[1]  Davis alleges that the district court erred by

considering his criminal history during sentencing and by applying the mandatory minimum

sentence allowed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to his

conviction under 18 U.S.C. § 922(g).  For the reasons stated herein, we **AFFIRM**.

---

[1]Davis was initially also charged with being a felon in possession of a stolen firearm, in violation of 18 U.S.C.
§ 922(j), however this second count was dismissed by the Government at sentencing.

I.

Davis was arrested on June 27, 2012, as the primary suspect in a residential burglary that occurred on June 20, 2012, wherein a back door was kicked in and police officers matched finger prints on the door to those on file for Davis. Two televisions and four firearms were stolen. Upon his arrest, police officers interviewed Davis. Davis stated that he stole the firearms and sold three of them. Officers recovered one of the stolen firearms and confirmed that it was stolen during the burglary. Officers also located the purchaser of the stolen firearm, who confirmed that Davis had sold it to him.

Davis pled guilty to the violation of 18 U.S.C. § 922(g); he entered into a plea agreement, specifically preserving his right to appeal the applicability and constitutionality of the ACCA, 18 U.S.C. § 924(e), should there be a subsequent change in the law. Pursuant to the plea agreement, the district court sentenced Davis to 180 months of incarceration, lower than the advisory guidelines range of 188 to 235 months. Davis entered his guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) and retained the option to withdraw his plea if the district court disagreed with the 180-month proposed sentence.

The specific facts of Davis' offense conduct were set out in the Presentence Investigation Report ("PSR"). Davis admitted to the facts in the PSR during his sentencing hearing. The PSR explicitly detailed how Davis' guilty plea and criminal history activated the mandatory minimum penalties established by the ACCA, 18 U.S.C. § 924(e)(1), and established an advisory guideline range of 188 to 235 months. Davis objected on the record and argued that he should not face the enhanced statutory penalties enumerated in § 924(e)(1) for his § 922(g) conviction inasmuch as the indictment did not specifically allege the predicate facts necessary to prove such enhancement applies. At the same time, Davis acknowledged that Supreme Court precedent

established in *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), was controlling and preserved the issue for appeal should the Supreme Court reconsider its precedent. Although he argued that his prior convictions should have been alleged in the indictment, Davis did not challenge the existence of his prior convictions. The district court rejected Davis' argument and ruled that his predicate convictions, which gave rise to his mandatory minimum sentence, did not need to be included in the indictment. The district court considered the sentencing factors as enumerated at 18 U.S.C. § 3553 and accepted the parties' proposed sentence of 180 months.

Davis timely appealed. On appeal, Davis claims that the district court violated the Sixth Amendment by applying an enhanced statutory minimum sentence based on facts not included in the indictment and not established beyond a reasonable doubt.

II.

We review a preserved constitutional challenge to a sentence de novo. *United States v. Vanhook*, 640 F.3d 706, 709 (6th Cir. 2011); *United States v. Graham*, 622 F.3d 445, 452 (6th Cir. 2010). Davis pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The default statutory range for such an offense is zero to 10 years in prison. 18 U.S.C. § 924(a)(2). However, a defendant convicted under § 922(g) who has three previous convictions for violent felonies or serious drug offenses "committed on occasions different from one another" is subject to an enhanced mandatory minimum sentence of 180 months. 18 U.S.C. § 924(e)(1).

Davis does not argue that he had an insufficient number of convictions for violent felonies and/or serious drug offenses to trigger the enhanced 15-year penalty for his felon-in-possession conviction. Instead, he argues that because the indictment did not specifically allege his three predicate prior convictions for violent felonies and/or serious drug offenses, and, since

these convictions were not subsequently established either by a jury or by his admission, the district court could not rely on those prior convictions as "facts" to enhance his sentence.

In *Apprendi v. New Jersey*, the Supreme Court held that facts increasing the statutory maximum penalty for an offense must either be submitted to a jury and proven beyond a reasonable doubt or be admitted by the defendant. 530 U.S. 466, 488-90 (2000). The *Apprendi* rule also applies to facts that increase the mandatory minimum penalty. *Alleyne v. United States*, 133 S. Ct. 2151, 2155-56 (2013). However, the *Apprendi* rule does not extend to the fact of a prior conviction, which the Supreme Court has long carved out as an exception. *See Almendarez-Torres*, 523 U.S. at 247; *see also Alleyne*, 133 S. Ct. at 2160 n.1. Indeed, the Supreme Court specifically noted that its decision did not extend to prior convictions, that *Almendarez-Torres* remains good law and that it has "long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Alleyne*, 133 S. Ct. at 2160 n.1, 2163.

Davis argues that because the ACCA provides a less-than-perfect definition of what constitutes a violent felony, the district court necessarily engaged in improper judicial factfinding to determine whether Davis' prior convictions met the definition of "violent felony." Davis further asserts that there is considerable tension in the Supreme Court's Sixth Amendment jurisprudence. In sum, Davis posits that *Almendarez-Torres* was wrongly decided and requests that we disregard the Supreme Court's precedent and reverse his sentence.

We consistently have followed the Supreme Court's jurisprudence in post-*Alleyne* decisions, and cannot simply ignore the doctrine of stare decisis to grant Davis' request. *See, e.g., United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013).

III.

For the foregoing reasons, we **AFFIRM** the district court's sentence.